UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY TOLENTINO and VICTOR TOLENTINO,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1-50, INCLUSIVE,<br><br>Defendants. | No. 2:17-cv-02425-KJM-DB<br><br>ORDER |

Plaintiffs move to remand this personal injury action back to state court. Defendant opposes. The court submitted the motion without a hearing on January 22, 2018. Min. Order, ECF No. 10. For the following reasons, the court GRANTS plaintiffs' motion.

I. BACKGROUND

On March 2, 2016, plaintiff Melody Tolentino ("Ms. Tolentino") alleges she slipped and fell on a "wet piece of fruit" at the Costco Wholesale Corporation ("Costco") store in Vallejo, California. Removal Not. Ex. A ("Compl."), ECF No. 1-1 ¶¶ 15-17. Ms. Tolentino alleges she suffered "severe injury to her knee requiring surgery" and "great mental, physical and nervous pain and suffering." *Id.* ¶¶ 17, 31. She further alleges her injuries will result in "some permanent disability," impaired earning capacity, and ongoing expenses for "medical services, x-

1

rays, drugs, [and] sundries reasonably required in the treatment and relief of her injuries." *Id.* ¶¶ 31-33. Her husband, plaintiff Victor Tolentino ("Mr. Tolentino"), alleges loss of consortium. *Id.* ¶¶ 46–52.

On October 4, 2017, plaintiffs sued Costco in Solano County Superior Court for premises liability, negligence and loss of consortium, seeking damages and costs. *Id.* at 8–9 (Prayer). Although plaintiffs filed an "unlimited civil case," indicating damages exceeding $25,000, they did not specify a sum sought. *See id.* ¶ 6. On November 16, 2017, Costco filed an answer and a notice of removal based on diversity jurisdiction. Removal Not., ECF No. 1. On December 14, 2017, plaintiffs moved to remand. Remand Mot., EFC No. 5. Costco opposes. Opp'n, ECF No. 8. Plaintiffs did not file a reply.

II.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Generally, subject matter jurisdiction may be established through either (1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. "[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). "[T]he defendant always has the burden of establishing that removal is proper, and [] the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations omitted). "[I]f there is any doubt as to the right of removal in the first instance[,]" the case should be remanded. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

III.   DISCUSSION

Costco contends this court has diversity jurisdiction. Removal Not. ¶¶ 6-12. Diversity jurisdiction exists only if there is (1) complete diversity of citizenship among the parties, and (2) an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332(a). The parties agree they are completely diverse. Joint Status Report, ECF No. 9 at ¶ E. Plaintiffs are

California citizens and Costco is a citizen of Washington State. Compl. ¶ 7 (plaintiffs reside in Vallejo, California); Removal Not. ¶¶ 7-8 (Costco is incorporated and has its principal place of business in Washington State). The sole question is whether the amount in controversy exceeds $75,000.

Plaintiffs' complaint does not expressly plead more than $75,000 in damages. *See* Compl. ¶ 6 (alleging damages exceed $25,000 for purposes of classifying case as "unlimited"); *see also* Cal. Civ. Proc. Code § 425.10(b) ("where an action is brought to recover actual or punitive damages for personal injury . . . , the amount demanded shall not be stated . . . ."). When, as here, the amount in controversy is unclear or ambiguous from the face of the complaint, the defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The court "consider[s] facts presented in the removal petition as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (citation omitted). But the defendant's conclusory allegations as to the amount in controversy will not suffice. *Id.* at 1090-91.

Costco has not met its burden. The nature of plaintiffs' alleged injuries do not necessarily establish the requisite amount in controversy. *See, e.g., In re: Incretin Mimetics Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2015 WL 11658714, at *4 (S.D. Cal. Mar. 16, 2015) ("[C]ourts have recognized that claims for wrongful death are sufficient to establish the requisite amount in controversy on the face of the complaint."); *cf. Corbelle v. Sanyo Elec. Trading Co.*, No. C-03-1509 EMC, 2003 WL 22682464, at *4 (N.D. Cal. Nov. 4, 2003) (finding plaintiff's personal injury action arising from electrocution did not clearly establish an amount in controversy exceeding $75,000).

Although Costco contends that plaintiffs' allegations in their complaint as well as jury verdicts in other knee injury cases establish that the amount in controversy is met here, these arguments are unavailing. First, Costco cannot carry its burden through mere speculation that damages arising from Ms. Tolentino's knee injury will necessarily exceed $75,000. *See* Removal Not. ¶ 11; Opp'n at 4-6; *see generally* Compl. (alleging knee injury required surgery, continuing

medical expenses, lost wages and loss of consortium).  Costco makes no attempt to quantify these damages, and instead simply assumes that the amount in controversy is established because plaintiffs' alleged injuries "necessarily encompass [] radiology testing, orthopedic care and physical therapy . . . as well as the costs of surgery and post-operative care . . . .". *See* Opp'n at 4-6.  Costco's speculation alone is insufficient. *See Martinez v. Vons Cos., Inc.*, No. 2:16-CV-02380-GMN-PAL, 2017 WL 3785215, at *2 (D. Nev. Aug. 30, 2017) (noting defendant's reliance on plaintiff's alleged medical costs, permanent disability and request for general damages was "too speculative" to establish the amount in controversy); *see also Helland v. M705 Kroger W./QFC*, No. 2:14-CV-01687, 2015 WL 11715590, at *2 (W.D. Wash. Feb. 20, 2015) (finding defendant's "single speculative assertion" that plaintiff's surgery and hospitalization would exceed $75,000 "fails to prevail under a preponderance of the evidence standard").  Simply put, Costco presents no facts or evidence from which the court can determine the amount in controversy more likely than not exceeds $75,000. *Cf. Cruz v. Wal-Mart Stores, Inc.*, No. 2:17-cv-00545-JAD-NJK, 2017 WL 3394308, at *2 (D. Nev. Aug. 4, 2017) (finding plaintiff's medical-expenses table claiming past and future medical expenses exceeding $100,000 sufficient proof to satisfy amount in controversy).

        The court is similarly unpersuaded by Costco's reliance on past jury verdicts involving knee injuries.  Costco makes no attempt to show those other cases are sufficiently similar to the instant action to support the amount in controversy here. *See Sharp v. DePuy Orthopaedics, Inc.*, No. CV 12-5897 PA JCX, 2012 WL 2891182, at *5 (C.D. Cal. July 13, 2012) (finding defendant did not explain factual similarity between cited jury verdicts and plaintiff's allegations); *see also Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) (noting "defendant has made no effort to compare the facts of [jury verdict] cases [presented] with the alleged facts of this case.").  For example, Costco cites *Kunik v. Heeter*, 39 Trials Dig. 9th 27, 2006 WL 2772793 (Cal. Super. Ct. June 6, 2006), in which the plaintiff suffered neck, shoulder and knee injuries in a car accident and received a $435,000 verdict. *See* Opp'n at 6.  Aside from the existence of a knee injury and loss of consortium claim in both cases, it is unclear that plaintiffs here, who were not involved in a car accident, suffered

injuries comparable to those in *Kunik* and Costco presents no argument to that effect. Similarly, in *Halladjian v. Home Depot USA and Tricam Indus. Inc.*, 9 VerdictSearch Cal. Rep. 33, 2010 WL 3232795 (C.D. Cal. June 30, 2010), the plaintiff won a $380,000 verdict in his products liability claim after falling from a ladder and tearing the meniscus in his knee. *See* Opp'n at 6-7. Although Ms. Tolentino also alleges she suffered a knee injury, plaintiffs have not brought a products liability action and Costco does not explain why the court should ignore that inconsistency. Finally, although the jury awarded plaintiff over $116,000 in *De Escobedo*, which also involved a slip and fall incident at a store, the plaintiff there alleged neck and back injuries in addition to knee injuries and "[t]he jury was particularly affected by the defense's attempt to suppress evidence and the defense witnesses' lack of credibility." *Rojas De Escobedo v. Food 4 Less of Cal., Inc.*, 31 Nat. Jury Verdict Rev. & Analysis 9, 2016 WL 6068429 (Cal. Super. Ct. March 3, 2016). Costco has not shown such an outcome is likely here.

In short, Costco has not overcome the strong presumption against removal jurisdiction and the court is left with "doubt as to the right of removal[.]" *Gaus*, 980 F.2d at 566. Accordingly, plaintiffs' motion is GRANTED and this case is REMANDED to Solano County Superior Court.

IT IS SO ORDERED.

DATED: February 6, 2018.

_____
UNITED STATES DISTRICT JUDGE

5